## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW HERNANDEZ and WILAIRAT "TUCKEY" HERNANDEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:25-cv-04763-ELR |
| | ) | |
| ADRIAN RICHARDS, Individually and in her Official Capacities as Georgia Dept. of Human Services and Director of the Georgia Dept. of Family and Children Services, et al., | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## BRIEF IN SUPPORT TO MOTION TO DISMISS
## OF STEPHEN MESSNER, M.D.

Pursuant to Fed. R. Civ. P. 12(b)(6), Stephen Messner, M.D. ("Dr. Messner"),

moves this Court to dismiss Plaintiffs' action against him for failure to state a claim

for which relief can be granted, as Plaintiffs have failed to comply with the

applicable statutes of limitations and Dr. Messner is entitled to immunity.

### I.    BACKGROUND

**A.    Factual Background**

1

Plaintiffs filed this action on June 23, 2025 pertaining to events that began more than two years prior. [See generally Doc. 1-1.] Plaintiffs allege that on June 6, 2023, they brought their daughter, Emma, to her pediatrician after noticing her left leg was swollen. [See id., ¶ 20.] At the visit, Plaintiffs showed the pediatrician a photograph of a bruise that had appeared behind Emma's ear but was not present by the time of the visit. [See id., ¶ 21.] The pediatrician referred Plaintiffs to Children's Healthcare of Atlanta, Inc. ("CHOA") for further testing. [See id., ¶ 22.]

At CHOA, Stephen Messner, a Child Abuse Pediatrician, reviewed the results of the further testing, including x-rays.  [See id., ¶ 23.] Plaintiffs then allege Dr. Messner diagnosed Emma with non-accidental trauma. [See id., ¶ 25.] Thereafter, Plaintiffs allege Dr. Messner and another physician, Defendant Dr. Rachel Krieger, M.D., reported suspicions of child abuse to the Georgia Department of Family and Children's Services ("DFCS"). [See id., ¶ 33.]

Defendant Sara Eller, the on-call investigator for DFCS at the time, was dispatched to CHOA. [See id., ¶ 34.] Plaintiff Tuckey was questioned by Ms. Eller and two members of the Forsyth County Sheriff's Department, Defendants Adrian Richards and Tim Conner. [See id., ¶ 36.] On June 8, 2023, Emma was discharged from CHOA; however, along with her sister, she was not sent home but placed with her aunt and uncle (Tuk and Tony Shulz), instead. [See id., ¶ 42.]

2

On June 22, 2023, Plaintiffs claim Defendant Richards applied for arrest warrants against Plaintiff Tuckey for aggravated battery and child cruelty. [See id., ¶ 46.] Per the Complaint, Plaintiff Tuckey was arrested the same day, June 22, 2023. [See id., ¶ 52.]

On or around December 4, 2023, both Plaintiffs were indicted on two counts of aggravated battery, family violence, and two counts of cruelty to children in the first degree. [See id., ¶ 106.] On June 19, 2025, a Forsyth County jury acquitted Plaintiffs. [See id., ¶ 114.]

## B.    Procedural History

On June 23, 2025, Plaintiffs filed their Complaint in the State Court of DeKalb County, Georgia, bringing both federal and state claims against Defendants, including Dr. Messner. [See id.] Regarding Dr. Messner, Plaintiffs specifically allege the following.

### 1.  Federal law claims Under 42 U.S.C. § 1983

In Count 3: Violation of the Right to Parent, Plaintiffs allege that Dr. Messner was "working alongside DFCS and its agents to build a false case against Plaintiffs." [Id., ¶ 140.] Plaintiffs allege that DFCS failed to conduct its own investigation and relied on "incomplete diagnostic testing" performed, in part, by Dr. Messner. [Id., ¶ 141.]

In Count 5: Conspiracy to Violate Rights, Plaintiffs allege all Defendants, including Dr. Messner, were acting "under color of law" and in agreement with each other to break apart Plaintiffs' family. [Id., ¶¶ 159-161.]

### 2. State law claims

In Count 7: False Imprisonment, Plaintiffs allege that Dr. Messner made "false accusations based on professionally inadequate diagnostic testing and assumptions" and that those false accusations formed the basis of Defendant Richards's arrest warrant. [Id., ¶¶ 169 and 171.]

In Count 8: Defamation, Plaintiffs allege that Dr. Messner made false allegations "of child abuse based on professionally inadequate diagnostic testing, including ignoring certain medical information that should have alerted them to an underlying medical condition as the cause of Baby Emma's injuries." [Id., ¶ 174.] Plaintiffs claim they suffered damages "as a result of the defamatory statements." [Id., ¶ 176.]

In Count 9: Negligence, Plaintiffs allege that Dr. Messner failed to perform adequate diagnostic testing and failed to obtain informed consent. [See id., ¶¶ 182-183.]

In Count 10: Attorney's Fees, Plaintiffs are seeking attorney fees under 42 U.S.C. §§ 1983 & 1988. [See id., ¶ 192.]

In Count 11: Punitive Damages, Plaintiffs are seeking punitive damages because of intentional and willful misconduct. [See id., ¶ 194.]

## II.    ARGUMENT

**Plaintiffs fail to state a plausible claim against Dr. Messner.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). Though this standard does not necessarily require "detailed factual allegations," the complaint must be specific enough "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint fails this test if it offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678. To that end, the Court accepts a plaintiff's well-pleaded facts, but it need not accept his legal conclusions or unwarranted deductions of fact. Chandler v. Sec'y of Fla. DOT, 695 F.3d 1194, 1199 (11th Cir. 2012) (citing Iqbal, 556 U.S. at 678). This includes legal conclusions which he may be "couched as a factual allegation." Twombly, 550 U.S. at 555. And "regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (citations and internal quotation marks omitted). For example, a court may dismiss a claim under

Rule 12(b)(6) "when failure to comply with the statute of limitations is plain on the face of the complaint." Foster v. Savannah Communication, 140 Fed. Appx. 905, 907 (11th Cir. 2005); see also La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (permitting dismissal where it is "apparent from the face of the complaint" that the claim is time-barred).

Here, Plaintiffs fail to state a plausible claim against Dr. Messner for two primary reasons. *First*, they commenced this action after the relevant limitations periods for each of their claims expired, so their claims are time-barred. *Second*, Dr. Messner's actions were facially pursuant to a legitimate duty to report suspected child abuse, and he is immune from suit for claims based on the exercise of that duty.

### A. Plaintiffs' claims against Dr. Messner are time barred.

To start, all of Plaintiffs' against Dr. Messner are barred by the applicable statutes of limitation.

### 1.  Plaintiffs' Federal Law Claims are barred.

First, Plaintiff's § 1983 claim is barred by the governing two-year statute of limitations. The Supreme Court has held that actions brought pursuant to U.S.C. § 1983 must be brought within the state's applicable statute of limitations. See Wallace v. Kato, 549 U.S. 384, 384 (2007). To that end, Section 1983 claims constitute actions for personal injury. See Moore v. Chairman, No. 21-13792-F, 2022 WL 1308498, at *1 (11th Cir. Mar. 16, 2022). As such, "[c]laims under § 1983 are subject

to the statute of limitations governing personal injury actions in the state in which the cause of action arose." Id.; see also Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises.") .

Under Georgia law, all injuries to the person must be brought within two years "after the right of action accrues." O.C.G.A. § 9-3-33. So, taking all this together, "the proper limitations period for all § 1983 actions in Georgia is the two-year limitations period set forth in O.C.G.A. § 9-3-33." Moore, 2022 WL 1308498, at *1 (citing Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987)). And that two-year period begins to run  "when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Id. at *1 (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)).

Here, Plaintiffs contend that Dr. Messner reported suspicions of child abuse to the DFCS on June 6, 2023, prompting the on-call investigator at the time to be dispatched to CHOA. [See Doc. 1-1, ¶¶ 33-34.] Plaintiff Tuckey was questioned by the DFCS investigator and the Sheriff's Department on either June 6 or 7, 2023. [See id., ¶ 36.] Then, Emma was discharged from CHOA not to her parents, but to her aunt and uncle. [See id., ¶ 42.] There are no allegations that Dr. Messner was in any

7

way involved in Emma's care after June 6 or 7, nor are there any allegations that he was involved in her care on or after her discharge on June 8, 2023.

Accordingly, Plaintiffs' claim against Dr. Messner accrued more than two years before Plaintiffs commenced this action. Plaintiffs' right of action against Dr. Messner began to accrue when he became involved in Emma's care, diagnosed her with non-accidental trauma, and allegedly reported suspicions of child abuse to the DFCS. [See Doc. 1-1, ¶¶ 25, 33.] Plaintiffs claim Dr. Messner performed "incomplete diagnostic testing," leading to the DFCS referral. [See id., ¶ 141.] But they allege no actions giving rise to their claim *after* DFCS was involved on either June 6 or June 7, 2023. As such, Plaintiffs' claim accrued at that time, as the facts which allegedly support their claim against Dr. Messner were apparent (or should have been apparent) then, when DFCS and the Sheriff's Department became involved.

Yet, Plaintiffs did not file suit until two years and 17 days later. Even under the most generous reading of when Plaintiffs' claim accrued, the basis for their claim arose, at the latest, by June 8, 2023, when Emma was discharged from CHOA and the children were placed with relatives. See Moore, 2022 WL 1308498, at *1. Plaintiffs did not file suit until two years and 15 days after that last possible date. Plaintiffs did not even file suit until more than two years after Plaintiff Tuckey's arrest.

So, Plaintiff's claim accrued, at the latest, by June 8, 2023. The limitations period for a § 1983 claim thus expired on June 8, 2025. There are no applicable exceptions to the statute of limitations under either federal or state law. Plaintiffs' § 1983 claims are therefore time-barred.

### 2. Plaintiffs' state law claims are barred.

For similar reasons (and under largely the same statute of limitations), all of Plaintiffs' state law claims against Dr. Messner are also time-barred, where they state a plausible claim at all.

#### a. Plaintiffs fail to state a timely claim against Dr. Messner for false imprisonment.

As an initial matter, Plaintiffs never state a plausible claim against Dr. Messner for false imprisonment, as they never allege facts suggesting that *he* imprisoned anyone. Plaintiffs simply contend that information Dr. Messner provided may have been relied upon by Defendant Richards of the Sheriff's Department. [See Doc. 1-1, ¶ 171.] It is Defendant Richards who Plaintiffs allege "applied for an arrest warrant application against Plaintiff Tuckey without evidence sufficient to establish probable cause, and therefore intentionally lied, embellished, and misconstrued facts presented to the magistrate judge in order to obtain the warrant." [Id., ¶ 170.] Plaintiffs thus do not allege that Dr. Messner did anything more than relay information to police, who then made an *independent* decision to arrest or prosecute—circumstances which do not support a false imprisonment claim as a

matter of law. See, e.g., McClendon v. Harper, 349 Ga. App. 581, 586-87 (2019) (affirming summary judgment where defendants conveyed information to detective about suspicion but had not "directed or urged" detective to arrest plaintiff).

Even if Plaintiffs had stated a plausible claim, that claim would be time-barred. A claim for false imprisonment is governed by O.C.G.A. § 9-3-33's two year statute of limitations. See Reese v. City of Atlanta, 247 Ga. App. 701 (2001). Plaintiffs allege that Dr. Messner caused the false imprisonment by making "false accusations based on professionally inadequate diagnostic testing and assumptions referred Plaintiffs to DFCS and law enforcement" by (at the latest) June 7, 2023. [See Doc. 1-1, ¶ 169.] Plaintiffs did not file suit until two years and 17 days after that date, however. And they did not file suit until two years and 15 days after the children were removed from the home. Plaintiffs did not even file suit until two years and one day after Plaintiff Tuckey's actual arrest. The limitations period expired here, so Plaintiffs' false imprisonment claim is time-barred.

### b. Plaintiffs' defamation claim is time-barred.

Under Georgia law, a plaintiff must bring a claim for defamation within one year of the date on which the allegedly defamatory statements were made. See O.C.G.A. § 9-3-33. see also Chisholm v. Tippens, 289 Ga. App. 757, 762 (2008) (defamation claim must be brought "within one year of the date of the alleged defamatory acts"); Zielinski v. Clorox Co., 215 Ga. App. 97, 99 (1994) (statements

made more than one year prior to filing of suit not actionable as defamation). Here,

the alleged defamatory statements were made by Dr. Messner and Defendant Dr.

Rachel Krieger, M.D. to DFCS on June 6, 2023. [See Doc. 1-1, ¶ 174, 176.] As to

Dr. Messner, Plaintiffs contend that the DFCS on-call Investigator, Sara Eller was

"dispatched to CHOA *upon Defendant Messner's false report* of child abuse." [Id.,

¶ 34 (emphasis added).] Plaintiffs further contend that Defendant Eller and two law

enforcement officers first spoke with Plaintiff Tuckey on either June 6 or 7, 2023.

[See id., ¶ 34.]

Thus, Dr. Messner's allegedly defamatory acts occurred, at the latest, on June

7, 2023. Plaintiffs did not commence a defamation action against him until June 23,

2025—over two years later and a full year after the limitations period expired.

Plaintiffs' defamation claim is time-barred.

### c. Plaintiffs' negligence claim is time-barred.

Plaintiffs' negligence claim is subject to the same two-year statute of

limitations at issue for most of their other counts. See O.C.G.A. § 9-3-33. Plaintiffs

assert that Dr. Messner was negligent because he "had a duty to perform adequate

diagnostic testing and to obtain informed consent from the legal parent or guardian

before administering any treatments or tests," but (1) "failed to provide the adequate

diagnostic testing," and (2) failed to obtain informed consent on medical treatment

and testing performed. [Doc. 1-1, ¶¶ 182-183.] As alleged in the Complaint, those

events occurred—and the negligence claim against Dr. Messner accrued—on June

6, 2023, with the injuries Plaintiffs allege from the negligence occurring no later

than June 8, 2023. Plaintiffs failed to commence their negligence action within two

years of its accrual, so this claim is also time-barred.

### d. Plaintiffs' attorneys' fees and punitive damages claim is barred.

Finally, Plaintiffs' claims for attorneys' fees and punitive damages against Dr.

Messner must fall with their substantive claims. In general, claims for attorneys' fees

and punitive damages are derivative claims, so they "require an underlying claim"

to survive. See Perkins v. Thrasher, 701 F. App'x 887, 891 (11th Cir. 2017). So,

when an underlying substantive state law claim is dismissed, any claim for attorneys'

fees and punitive damages must fail. See id.; see also Jumlist v. Prime Ins. Co., No.

1:21-CV-01416-SCJ, 2022 WL 610402, at *9 (N.D. Ga. Jan. 25, 2022), aff'd, 92

F.4th 1008 (11th Cir. 2024); Popham v. Landmark Am. Ins. Co., 340 Ga. App. 603,

612 (2017) (awards of attorneys' fees and punitive damages are derivative of

underlying claims, so, where those claims fail, derivative claims also fail).

Plaintiffs' claims for attorneys' fees and punitive damages contained in

Counts 10 and 11 of the complaint are derivative of the claims set forth in Counts 3,

5, and 7-9. For the reasons set forth above, Plaintiffs' substantive claims fail, so

Plaintiffs cannot pursue these derivative claims against Dr. Messner. Counts 10 and

11 should also be dismissed.

### B. Dr. Messner is entitled to immunity from Plaintiffs' claims.

Even if Plaintiffs' claims were timely, they would still be barred because Dr. Messner is entitled to immunity. He acted pursuant to O.C.G.A. § 19-7-5, which imposes a legal obligation on healthcare providers to report suspected abuse.

Georgia law mandates that certain professionals, including physicians, report suspected child abuse. Failing to do so risks criminal liability, as a mandatory reporter who "knowingly and willfully fails to do so shall be guilty of a misdemeanor." O.C.G.A. § 19-7-5(e). To aid this effort, the statute also provides a broad immunity for good faith reporting in service of that duty, to protect mandatory reports from retaliatory litigation (like this suit). Specifically, the statute provides: "Any person or persons, official, or institution participating in the making of a report or causing a report to be made... *shall be immune from any civil or criminal liability* that might otherwise be incurred or imposed, provided such participation... was made in good faith." O.C.G.A. § 19-7-5(g) (emphasis added). This immunity attaches both when a reporter has objective, "reasonable cause" to believe a child has been abused and when the reporter is acting in subjective "good faith." O'Heron v. Blaney, 276 Ga. 871, 873 (2003).

Here, Plaintiffs fail to plausibly allege that Dr. Messner was acting in anything other than good faith. The circumstances he confronted at the hospital were a 12-

week old infant with both a new injury and an old injury—a new swollen left leg and evidence of an older bruise on her head. [See Doc. 1-1, ¶¶ 20, 21.] Thus, there was evidence of two injuries at two separate times. Dr. Messner reviewed Emma's case, which included reviewing x-rays. [See id., ¶ 23.] Based on that review, Dr. Messner believed that Emma had suffered non-accidental trauma, leading him to participate in discussions with DFCS regarding suspected child abuse, as required by O.C.G.A. § 19-7-5. Though Plaintiffs allege that Dr. Messner's diagnosis was wrong, a mistake in judgment does not plausibly suggest that Dr. Messner acted without reasonable cause, let alone in bad faith. Bad faith (as the opposite of "good faith") requires "fraud," neglect "not prompted by an honest mistake as to one's rights or duties," or "some interested or sinister motive," rather than "simply bad judgment or negligence." Baldwin Cnty. Hosp. Auth. v. Trawick, 233 Ga. App. 539, 541 (1998). So, a claim that a doctor failed to account for certain other information before suspecting or reporting child abuse—as Plaintiffs allege here—fails to provide any competent evidence of bad faith. See id. (affirming summary judgment based on good faith immunity where doctor erroneously believed mother had given daughter PCP following mistaken diagnosis and test results). Cf., Mabes v. Thompson, 136 F.4th 697, 706 (7th Cir. 2025) (physician consultant entitled to qualified immunity for offering medical opinion regarding child abuse to Indiana

14

Department of Children's Services, as qualified immunity "gives ample room for mistaken judgments").

Plaintiffs fail to plausibly allege that Dr. Messner acted in anything other than good faith here, so they offer no allegations which might avoid the immunity granted to him by O.C.G.A. § 19-7-5. That broad immunity bars "any civil . . . liability that might otherwise be incurred or imposed." O.C.G.A. § 19-7-5(f). All of Plaintiffs' claims against Dr. Messner thus fail as a matter of law.

## III.   CONCLUSION

Given the Plaintiffs' failure to file suit within the applicable statute of limitations and the immunity afforded Dr. Messner, this Court should dismiss Plaintiffs' claims against Dr. Messner.

This 23rd day of September, 2025.

HUFF, POWELL & BAILEY, LLC

/s/ Taylor Tribble
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
SANDY BAILEY
GEORGIA BAR NO. 142591
ALEXANDER C. VEY

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

GEORGIA BAR NO. 307899

*Counsel for Defendant DR. STEPHEN MESSNER, M.D.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing

filing complies with the applicable font and size requirements and is formatted in

Times New Roman, 14-point font.

This 23rd day of September, 2025.

HUFF, POWELL & BAILEY, LLC

*/s/ Taylor Tribble*
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
ALEXANDER C. VEY
GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC          *Counsel for Defendant DR. STEPHEN*
999 Peachtree Street, Suite 950          *MESSNER, M.D.*
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MATTHEW HERNANDEZ and )
WILAIRAT "TUCKEY" )
HERNANDEZ, )
                 )
      Plaintiffs, )   CIVIL ACTION FILE
                 )
v. )   NO. 1:25-cv-04763-ELR
                 )
ADRIAN RICHARDS, )
Individually and in her Official )
Capacities as Georgia Dept. of )   JURY TRIAL DEMANDED
Human Services and Director of the )
Georgia Dept. of Family and )
Children Services, et al., )
                 )
      Defendants. )

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served a true and correct copy of the within and foregoing via e-file and serve to the following counsel of record:

Jordan Johnson, Esq.
Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA 30338
Alex@Justice.Law.com

Jessica Burton, Esq.
JSB Law Firm, LLC
P.O. Box 8
Winder, GA 30680

18

jessica@jsblawfirm.com

Terry E. Williams
Justin R. Techo
Williams & Waymire, LLC
Bldg. 400, Suite A 4330 South Lee Street
Buford, GA 30518
terry@wmwlaw.com
justin@wmwlaw.com

Robert P. Monyak, Esq.
Peters & Monyak, LLP
2970 Clairmont Rd NE, Ste. 700
Atlanta, Georgia 30329
rmonyak@petersmonyak.com

Kevin Whitmore, Esq.
Assistant Attorney General
Georgia Department of Law
40 Capital Square, SW
Atlanta, Georgia 30334
kwhitmore@law.ga.gov


The 23rd day of September, 2025.


                        HUFF, POWELL & BAILEY, LLC

                        /s/ Taylor Tribble_____
                        R. PAGE POWELL, JR.
                        GEORGIA BAR NO. 586696
                        JULYE JOHNS BAILEY
                        GEORGIA BAR NO. 394856
                        TAYLOR TRIBBLE
                        GEORGIA BAR NO. 904116
                        P. KYLE PERRY
                        GEORGIA BAR NO. 839444
                        ALEXANDER C. VEY

19

GEORGIA BAR NO. 307899

*Counsel for Defendant DR. STEPHEN*
*MESSNER, M.D.*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033