IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HERNANDEZ *and* ) <br> WILAIRAT "TUCKEY" HERNANDEZ ) <br>     *Plaintiffs*, ) <br> ) <br>     vs. ) <br> ) <br> ADRIAN RICHARDS, TIM CONNER, ) <br> Individually and in their Official Capacities ) <br> as Employees of the Forsyth County Sheriff's) <br> Office, CAMILLE WIGGINS, Individually ) <br> and in her Official Capacity as Forensic ) <br> Interviewer, STEPHANIE V. BLANK ) <br> CENTER FOR SAFE AND HEALTHY ) <br> CHILDREN, INC., DR. STEPHEN A. ) <br> MESSNER, M.D., DR. EMMANUEL ) <br> PENA, M.D., DR. RACHEL KRIEGER, ) <br> M.D., CHILDREN'S HEALTHCARE OF ) <br> ATLANTA, INC., CANDICE BROCHE, ) <br> Individually and in her Official Capacities ) <br> as Georgia Dept. of Human Services and ) <br> Director of the Georgia Dept. of Family and ) <br> Children Services, CARA BOWEN, ) <br> Individually and in her Official Capacity as ) <br> the Director of the Fulton County Dept. of ) <br> Family and Children Services, MACKENZIE) <br> MCCRAY, NIKKI CANNON, Individually ) <br> and in their Official Capacities as Case ) <br> Managers for the Forsyth County Dept. of ) <br> Family and Children Services, SARA ) <br> ELLERS, Individually and in her Official ) <br> Capacity as DFCS Investigator, *and* ) <br> ASHLEY SMITH, Individually and in her ) <br> Official Capacity as the Case Plan Supervisor ) <br> for the Fulton County Dept. of Family and ) | Civil Action File No. <br> NO. 1:25-cv-04763-ELR <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| Children Services, | ) |
|     *Defendants*. | ) |

**RESPONSE TO DEFENDANT STEPHANIE V. BLANK CENTER FOR SAFE AND HEALTHY CHILDREN, INC., and CHILDREN'S HEALTHCARE OF ATLANTA, INC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now, Plaintiffs, and in response to Defendants Stephanie B. Blank Center for Safe and Health Children, Inc. and Children's Healthcare of Atlanta Inc's Motion for Judgment on the Pleadings shows this Court the following.

## INTRODUCTION

Defendants Stephanie B. Blank Center for Safe and Health Children, Inc. and Children's Healthcare of Atlanta Inc's Motion for Judgment on the Pleadings asserts that a number of Plaintiffs' claims are barred by the statute of limitations. The record establishes otherwise. The Complaint alleges that false accusations of child abuse were first made on **June 6, 2023**, that criminal charges did not commence until **June 22 2023** and **December 4 2023**, and that the prosecution terminated in Plaintiffs' favor only upon their **June 10 2025 acquittal** (Complaint at ¶¶ 23-27, 33, 51, 169-175, 114).

However, continuing violations or publication of false statements resets any defamation cause of action. Furthermore, the discovery rule tolls limitations until a plaintiff knows or should have known of an injury/accrual of a claim, and

malicious prosecution claims only accrue at the favorable termination of a prosecution. Therefore, the Motion should be denied.

## BACKGROUND

On **June 6 2023**, Plaintiffs brought their infant daughter to Children's Healthcare of Atlanta for testing at the direction of their pediatrician. (Complaint ¶¶ 22-23.) Defendant Messner, reviewed x-rays for less than two hours and diagnosed "non-accidental trauma" without reviewing birth records or relevant medical history (*Id* at ¶¶ 24-27). He then reported false accusations of child abuse to DFCS (*Id* at ¶ 33).

That report triggered an overnight interrogation of Plaintiff Tuckey by law enforcement and DFCS agents, culminating in an arrest warrant application on **June 22 2023**, and her arrest and incarceration on those false charges (*Id* at ¶¶ 34-36, 46-47, 171, 52-53). The Forsyth County District Attorney then indicted Plaintiffs on **December 4 2023** (*Id* at ¶ 106). The criminal case remained pending until **June 10 2025**, when a jury acquitted both Plaintiffs of all charges (*Id* at ¶ 114).

Throughout this period, Defendants' false diagnosis, resulting DFCS case, and continuing prosecution remained a continuing cause of injury—used by state

actors to justify the prosecution and the two-year deprivation of Plaintiffs' parental rights (*Id* at ¶¶ 51, 140-147).

## ARGUMENT

The Motion should be denied since some claims are clearly within the statute of limitations, even by Defendant's calculations, such as the malicious prosecution and conspiracy to violate rights claims. While others, such as the defamation claim and false arrest claim, are within the statute because of the later dates of the arrest and the ongoing harms caused by Defendants that caused a delay in discovery or continued injury.

### A. The Discovery Rule Tolls the Limitations Period

Under Georgia law, limitations do not begin to run until a plaintiff, through reasonable diligence, knows both that an injury occurred and its cause. Here, Plaintiffs could not have known that Defendants' diagnosis and report were false until after criminal charges were brought and evidence emerged in the prosecution (Complaint at ¶¶ 23-27, 33, 46-47). The discovery rule therefore tolls the limitations period until that time.

### B. Malicious Prosecution Claims and Conspiracy to Violate Rights Tied to Such a Claim Accrue Only Upon Favorable Termination

It is well settled that a claim for malicious prosecution does not accrue until the criminal proceedings terminate in the plaintiff's favor. The Complaint alleges favorable termination on **June 10 2025** (Complaint at ¶ 114). Accordingly, the two-year limitations period began then and will not expire until June 2027. Any motion to dismiss filed before that date is premature and must be denied.

### C. Conspiracy and § 1983 Claims Were Part of a Continuing Violation

The Complaint alleges that Defendants Messner and others "worked alongside DFCS and law enforcement to build a false case against Plaintiffs" (*Id*. At ¶ 140) and "entered into an agreement to maliciously accuse, prosecute, incarcerate, and break apart Plaintiffs and their family" (*Id* at ¶ 160). Those acts continued through the criminal prosecution and termination of parental rights, causing "ongoing harms" until acquittal in 2025 (*Id* at ¶¶ 140-147, 154, 160-165). As these were continuing violations/harms, the limitations period does not begin to run until the last overt act of the conspiracy or the termination of the resulting injury.

### D. Defendants do not have immunity from 42 U.S.C. § 1983 Claims

Furthermore, while Defendants claim that they have immunity from claims due to O.C.G.A. § 19-7-5(g), this alleged immunity is a state law and is preempted and not applicable against any 42 U.S.C. § 1983 claims. A Defendant is still liable

for violating a person's rights, even if state law allegedly allows it. Here, it is clear that Defendants are attempting to advance a legal theory that if various medical industry professionals and corporations decide to make allegations that have people falsely arrested and prosecuted, harming them and their children, that there is immunity for the false reports. Georgia law cannot override federal law to provide that, nor is there any caselaw that seems to allow it.

## CONCLUSION

Due to the above reasons, the Motion for Judgment on the Pleadings by Defendants should be denied.

Respectfully Submitted, this 17th day of November, 2025.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Counsel for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully Submitted, this 17th day of November, 2025.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Counsel for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing via e-file and serve to the all counsel of record.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Counsel for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park

Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law