## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW HERNANDEZ and
WILAIRAT "TUCKEY"
HERNANDEZ,

    Plaintiffs,

v.

ADRIAN RICHARDS, *et al.*,

    Defendants.

Case No. 1:25-cv-04763-ELR

Jury Trial Demanded

## REPLY IN SUPPORT OF DR. EMMANUEL PENA, M.D.'S MOTION FOR JUDGMENT ON THE PLEADINGS

In responding to Dr. Pena's motion for judgment on the pleadings, Plaintiffs' response largely ignores the arguments Dr. Pena actually made. Despite much of the motion concerning how Plaintiffs failed to plead a plausible claim against Dr. Pena, Plaintiffs say *nothing* to contest those points. And for the points they do argue, Plaintiffs cite literally no legal authority, relying instead on bare assertions. Those assertions fail to meet, let alone defeat, the arguments Dr. Pena has asserted here. Accordingly, the Court should grant judgment on the pleadings and dismiss Plaintiffs' claims against Dr. Pena.

## ARGUMENT

### I.     Plaintiffs fail to state a claim against Dr. Pena.

Plaintiffs' response offers nothing to oppose most of Dr. Pena's arguments, and their defenses of some claims' timeliness are unavailing.

#### A.     Plaintiffs decline to contest many of Dr. Pena's arguments dismissal.

As an initial matter, Plaintiffs' response does not contest that they have failed to adequately plead a plausible claim against Dr. Pena. Rather, the arguments in the response solely concern ways to avoid the relevant statutes of limitation or Dr. Pena's statutory immunity, apparently presuming that Dr. Pena's arguments are identical to those of other CHOA-affiliated defendants. [See Doc. 33 at 4-6.]

But Dr. Pena's lead arguments were that Plaintiffs had failed to state a plausible claim against him at all for Counts 3, 5, 7 and 9, regardless of whether those counts were timely. For example, Dr. Pena explained how Plaintiffs failed to allege facts plausibly demonstrating that Dr. Pena, himself, violated Plaintiffs' parental rights or falsely imprisoned anyone, warranting dismissal of Plaintiffs' § 1983 claim and their state-law false imprisonment claim. And what Plaintiffs have alleged—that Dr. Pena provided information which law enforcement later independently used to arrest or prosecute Plaintiffs—fails to support their claims. [Doc. 26 at 7-8.] Further, Dr. Pena explained how Plaintiffs had failed to allege any

plausible harm from Dr. Pena's actions or that he failed to obtain adequate consent, defeating their negligence claim against him. [Id. at 8-9.]

Plaintiffs' response addresses literally none of these arguments. Accordingly, Plaintiffs have failed to contest these points, which independently warrant dismissal of Counts 3, 5, 7, and 9 as they pertain to Dr. Pena. Because Plaintiffs have made no attempt to justify the sufficiency of their complaint, the Court should dismiss those counts as to Dr. Pena.

**B.      Plaintiffs' defamation claim against Dr. Pena is time-barred.**

Rather than defending the sufficiency of their allegations, Plaintiffs' response mostly seeks to defend the timeliness of their complaint. [Doc. 33 at 4-5.] To be clear, Dr. Pena's motion only asserts that Plaintiffs' defamation claim (Count 8) is time-barred based under the relevant statute of limitations. [Doc. 26 at 9.] Accordingly, Plaintiffs' arguments regarding the accrual or timeliness of claims for malicious prosecution and civil rights violations are irrelevant to Dr. Pena's motion.

As for Dr. Pena's actually-asserted statute of limitations argument, Plaintiffs still have very little to say. At most, Plaintiffs make a throwaway comment—citing no authority—that "continuing violations or publication of false statements resets any defamation cause of action." [Doc. 31 at 2.] But Plaintiffs never assert any "continuing" defamation or subsequent publication of false statements. The only alleged defamatory statements by Dr. Pena were a report following his examination

on June 23, 2023. [See Doc. 1-1 at ¶¶ 174-76.] A defamation claim accrues at the time of the alleged defamatory act. See, e.g., Chisholm v. Tippens, 289 Ga. App. 757, 762 (2008). Thus, the limitations period for a defamation claim against Dr. Pena expired, at the latest, on June 23, 2024. Plaintiffs never substantively contest that point, so the Court should dismiss Count 8 as time-barred as to Dr. Pena.

To the extent Plaintiffs intend for their invocation of the "discovery rule" to toll the statute of limitations for their defamation claim, [see Doc. 33 at 4], that argument provides them no aid. Absent fraud (not alleged here), Plaintiffs' "ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." Metlife v. Wright, 220 Ga. App. 827, 828 (1996). And Georgia's discovery rule is only intended to apply to "cases of bodily injury which develop only over an extended period of time," not defamation claims. Id. at 828 (reversing denial of summary judgment on defamation claim and calling plaintiffs' reliance on discovery rule "misplaced"). Plaintiffs failed to commence a defamation action within one year of the alleged defamatory acts, so their claim is time-barred.

## II.    Dr. Pena's statutory immunity bars all of Plaintiffs' claims.

Even if Plaintiffs had alleged plausible or timely claims, their claims are still barred by statutory immunity.

**A.** **Plaintiffs do not dispute that O.C.G.A. § 19-7-5 bars their state law claims against Dr. Pena.**

At the outset, Plaintiffs' response *solely* challenges Dr. Pena's immunity as to their § 1983 claims. [Doc. 33 at 5-6.] In other words, Plaintiffs do not contest that O.C.GA. § 19-7-5 bars their state-law claims against Dr. Pena. This is unsurprising, as the statute's immunity is broad, protecting reporters from "any civil liability" for reports of suspected child abuse made with "reasonable cause" or in "good faith." See O.C.G.A. § 19-7-5(f), (g); O'Heron v. Blaney, 276 Ga. 871, 873 (2003). Because Plaintiffs' claims against Dr. Pena arise out of either making a good-faith report of suspected child abuse and providing information in good faith related to an investigation. Plaintiffs' claims are barred.

**B.** **Plaintiffs fail to demonstrate that § 1983 preempts or precludes Dr. Pena's statutory immunity.**

Turning to Plaintiffs' narrow argument, they claim that § 1983 preempts Georgia's immunity statute, preventing O.C.G.A. § 19-7-5's application to their federal-law claims. [Doc. 33 at 5-6.] Plaintiffs' argument presumes, however, that applying this statutory immunity conflicts with Congress's intent to impose liability through § 1983. See Felder v. Casey, 487 U.S. 131, 139, 141-42 (1988) (holding that state notice-of-claim statute was preempted by § 1983 because it is "inconsistent with the purposes of the federal statute" and "discriminates against the federal

right"). Statutory immunity for good faith reporting of child abuse, however,

expressly does *not* conflict with Congress's intent for § 1983.

Dr. Pena's claim of statutory immunity does not conflict with § 1983 because

Congress has *itself* provided such immunity against federal claims:

> Notwithstanding any other provision of law, any individual making a good faith report to appropriate authorities of a suspected or known instance of child abuse or neglect, or who otherwise, in good faith, provides information or assistance, including medical evaluations or consultations, in connection with a report, investigation, or legal intervention pursuant to a good faith report of child abuse or neglect shall not be subject to civil liability or criminal prosecution, under any Federal law, rising from making such report or providing such information or assistance.

34 U.S.C. § 20342(1). Plaintiffs seek to hold Dr. Pena liable for his actions providing

assistance (medical evaluations) in connection with an investigation pursuant to a

good faith report of child abuse. [See Doc. 1-1 at ¶¶ 57-59, 67, 141, 145-48, 160,

169-71, 174, 182-83.] Under 34 U.S.C. § 20342, Dr. Pena cannot be held civilly

liable under "*any* Federal law" for such conduct, barring Plaintiffs' claims.

Georgia's statute is fundamentally similar to the federal immunity statute,

indicating that Georgia's immunity tracks what Congress expressly permits.

Defendants are thus entitled to statutory immunity on that basis. Moreover,

Georgia's immunity tracks *other* federal statutes which demonstrate Congress's

intent to curtail liability for those reporting suspected child abuse in good faith. For

example, as a precondition for certain child abuse prevention grants, Congress

6

requires states to adopt statutes like O.C.G.A. § 19-7-5, providing "immunity from civil or criminal liability under State and local laws and regulations for individuals making good faith reports of suspected or known instances of child abuse" or assisting investigations pursuant to a good faith report of child abuse. 42 U.S.C. § 5106a(b)(2)(B)(vii). This embrace of broad immunity for good faith reporting suggests that Congress intends to allow such immunity even against § 1983 claims. See Brown v. Newberger, 291 F.3d 89, 94 & n.1 (1st Cir. 2002) (noting § 5106a and cases suggesting that it implies allowance of immunity from § 1983 liability for reports of child abuse).[1] Georgia's statute lines up with what Congress requires in § 5106a, providing immunity for reporting or assisting the investigation of child abuse as long as that report or assistance is "made in good faith." O.C.G.A. § 19-7-5(f).

The statutory immunity to be applied here thus tracks the immunity Congress has both enacted as to federal laws and mandated that states enact if they want federal funding. Dr. Pena thus does not ask the Court to "override" federal law, as Plaintiffs

---

[1] The exception to this intent may be where a state's statutory immunity *exceeds* the scope of the immunity Congress envisions. In Acre v. Children's Hospital Los Angeles, for example, the California Court of Appeal explained that § 5106a suggests that § 1983 defendants could "utilize state laws that provide immunity for good faith reports of suspected child abuse." See 150 Cal. Rptr. 3d 735, 762 (Cal. Ct. App. 2012) (citing Thomas v. Chadwick, 274 Cal. Rptr. 128, 136-38 (Cal. Ct. App. 1990)). But the court held that California's immunity was inconsistent with that allowance because it provided *absolute* immunity for reports of suspected abuse, thus granting a broader immunity than Congress had embraced in § 5106a. For reasons explained in this reply, Georgia's statutory immunity does not have that problem, as it provides immunity for good faith reporting, rather than absolute immunity for all reporting.

claim. [Doc. 33 at 6.] He asks the Court to recognize it. And that necessary recognition bars *all* of Plaintiffs' claims here.

### C.    Plaintiffs cannot overcome Dr. Pena's statutory immunity.

With that put aside, Plaintiffs decline to offer any other argument which might avoid Dr. Pena's statutory immunity. Their Complaint fails to plausibly allege any facts which would contest that Dr. Pena made a report or participated in an investigation based on reasonable cause or in good faith. And their response declines to point to any allegations which might plausibly demonstrate bad faith. Plaintiffs have thus failed to state a claim which might overcome Dr. Pena's immunity.

Recent authority from Florida regarding that state's similar immunity statute (Fla. Stat. § 39.203), confirms that Dr. Pena is entitled to immunity here. See generally Johns Hopkins All Children's Hospital, Inc. v. Kowalski, No. 2D2024-0382, 2025 WL 3019111 (Fla. Dist. Ct. App. Oct. 29, 2025). Like Georgia's statute, the Florida law provides immunity against "any civil or criminal liability" which might result from "participating in good faith" in proceedings related to suspected child abuse or "reporting in good faith any instance of child abuse." Fla. Stat. §39.203(1)(a).[2] In Kowalski, the Florida District Court of Appeals overturned a $261 million jury verdict against a hospital where a trial court had repeatedly erred by

---

[2] Confirming the statutes' similarity, Florida courts have looked to *Georgia* authority (the Georgia Supreme Court's decision in O'Heron, specifically) to interpret this immunity. See Urquhart v. Helmich, 947 So.2d 539, 542 (Fla. Dist. Ct. App. 2006) (citing O'Heron and calling Georgia statute "nearly identical").

allowing the jury to hear upsetting evidence of conduct immunized by the statute, based on the trial court's too-narrow reading of the statute's immunity. See 2025 WL 3019111, at *10. More specifically, the trial court erred by limiting its immunity finding solely to "claims premised on or immediately resulting from" the hospital's reporting of suspected child abuse. Id. at *7-8.

This reading failed to "consider[ ] the entirety" of the statute, which also immunized the defendants' good faith *participation* in an investigation after a report was made. Id. at *8-10. In doing so, the trial court had allowed evidence of defendants' participation in acts required by Florida' mandatory reporting statute to serve as a basis for liability and "permeate[ ] the entire trial." Id. at *10. That required reversal, as "nothing in the record suggest[ed] that [the hospital's required] participation . . . was not done in good faith." Id. at *8. The court then walked through several of the plaintiffs' claims, explaining that the defendants were entitled to directed verdicts in part due to their statutory immunity, as there was no evidence that they participated in the child abuse investigation in bad faith. Id. at *11-12, 14.

Here, Plaintiffs' Complaint contains no plausible allegations that Dr. Pena acted in bad faith when providing his assistance to an investigation of suspected child abuse. All of the conduct at issue here therefore falls within O.C.G.A. § 19-7-5's ambit. See O.C.G.A. § 19-7-5(f) (providing immunity for "the making of a report," "causing a report to be made," and "participating in any judicial proceeding

9

or any other proceeding resulting" from a report).[3] And in the absence of any allegations plausibly demonstrating bad faith, Plaintiffs have failed to state a claim which could survive Dr. Pena's statutory immunity. Plaintiffs' claims are barred.

## CONCLUSION

The Court should dismiss Plaintiffs' claims against Dr. Pena's, either because Plaintiffs fail to plausibly plead those claims, the claims are time-barred, or the claims are barred by statutory immunity. Plaintiffs' response offers no authority or proper argument to rebut that conclusion. For the foregoing reasons and those in Dr. Pena's original motion and memorandum, this court should dismiss all of Plaintiff's claims against these Defendants.

This 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

_/s/ Taylor Tribble_
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
SANDY BAILEY
GEORGIA BAR NO. 142591

---

[3] Federal statutory immunity under 34 U.S.C. § 20342 similarly applies to both the reporting itself and assistance in investigations or interventions pursuant to such a report. *See* 34 U.S.C. § 20342(1).

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

ALEXANDER C. VEY
GEORGIA BAR NO. 307899

*Counsel for Defendants STEPHANIE V. BLANK CENTER FOR SAFE AND HEALTHY CHILDREN, INC. AND CHILDREN'S HEALTHCARE OF ATLANTA, INC.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing

filing complies with the applicable font and size requirements and is formatted in

Times New Roman, 14-point font.

This 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

*/s/ Taylor Tribble*
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
ALEXANDER C. VEY
GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

*Counsel for Defendants STEPHANIE*
*V. BLANK CENTER FOR SAFE AND*
*HEALTHY CHILDREN, INC. AND*
*CHILDREN'S HEALTHCARE OF*
*ATLANTA, INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW HERNANDEZ and WILAIRAT "TUCKEY" HERNANDEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:25-cv-04763-ELR |
| ADRIAN RICHARDS, Individually and in her Official Capacities as Georgia Dept. of Human Services and Director of the Georgia Dept. of Family and Children Services, et al., | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the

within and foregoing via e-file and serve to the following counsel of record:

Jordan Johnson, Esq.
Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA 30338
Alex@Justice.Law.com

Terry E. Williams, Esq.
Justin R. Techo, Esq.
Williams & Waymire, LLC
Bldg. 400, Suite A 4330 South Lee Street
Buford, GA 30518

terry@wmwlaw.com
justin@wmwlaw.com

Robert P. Monyak, Esq.
Peters & Monyak, LLP
2970 Clairmont Rd NE, Ste. 700
Atlanta, Georgia 30329
rmonyak@petersmonyak.com

Wade W. Herring, III, Esq.
Assistant Attorney General
Georgia Department of Law
40 Capital Square, SW
Atlanta, Georgia 30334
wherring@law.ga.gov

Timothy J. Buckley III, Esq.
Eric J. O'Brien, Esq.
Buckley Christopher & Hensel, P.C.
2970 Clairmont Road, NE, Suite 650
Atlanta, GA 30329
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

The 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

 */s/ Taylor Tribble*
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444

14

ALEXANDER C. VEY
GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

*Counsel for Defendants STEPHANIE
V. BLANK CENTER FOR SAFE AND
HEALTHY CHILDREN, INC. AND
CHILDREN'S HEALTHCARE OF
ATLANTA, INC.*