IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HERNANDEZ and WILAIRAT "TUCKEY" HERNANDEZ,<br><br>　　Plaintiffs,<br><br>v.<br><br>ADRIAN RICHARDS, *et al.*,<br><br>　　Defendants. | Case No. 1:25-cv-04763-ELR<br><br>Jury Trial Demanded |

**REPLY IN SUPPORT OF CAMILLE WIGGINS'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

　　In responding to Ms. Wiggins's motion to dismiss, Plaintiffs simply ignore many of the dispositive arguments she actually made. Despite Ms. Wiggins's lead argument explaining how Plaintiffs have never served her in this action, let alone served her within the applicable statute of limitations, Plaintiffs say *nothing* to contest that basis for dismissal. And for the points they do argue, Plaintiffs cite literally no legal authority, relying instead on bare assertions. Those assertions fail to meet, let alone defeat, the arguments Ms. Wiggins asserts here. Accordingly, the Court should dismiss Plaintiffs' claims against Ms. Wiggins.

# ARGUMENT

## I. Plaintiffs *still* have never served Ms. Wiggins with process within the statute of limitations or Georgia's statutory grace period.

To start, Plaintiffs' response does not contest Ms. Wiggins's primary argument for dismissal: that Plaintiffs have never served her with process. The arguments in the response solely concern ways to avoid the relevant statutes of limitation or Ms. Wiggins's statutory immunity, apparently presuming that Ms. Wiggins's arguments are identical to those of other CHOA-affiliated defendants. [See Doc. 34 at 4-6.] Plaintiffs thus say *literally nothing* about service, much less how they have complied with the legal requirements Ms. Wiggins explained in her motion. [See Doc. 24 at 5-6.] Plaintiffs never try to articulate any diligence in effecting proper service upon Ms. Wiggins, despite having filed the complaint almost six months ago.

Accordingly, Plaintiffs have declined to actually oppose Ms. Wiggins's motion on this basis. The lack of service alone warrants dismissal. Moreover, Plaintiffs' lack of effort at proper service means that any claims against Ms. Wiggins are time-barred. As Ms. Wiggins explained in her motion, Georgia law requires that an action is only timely if *both* the complaint is timely filed *and* service is timely perfected (allowing a grace period for reasonable diligence if service is effected after the limitations period expires). See Wilson v. Hearos, LLC, 128 F.4th 1254, 1263-64 (11th Cir. 2025); see also [Doc. 24 at 5-6.] Plaintiffs make no attempt to argue

2

for their diligence in effecting service, and Ms. Wiggins remains unserved long past the deadlines either Georgia law *or* the Federal Rules impose. See O.C.G.A. § 9-11-4(c) (requiring service within five days of receiving the summons and complaint); Fed. R. Civ. P. 4(m) (allowing 90 days for service). In the absence of any defensive argument by Plaintiffs, their claims against Ms. Wiggins should be dismissed.

**II.   Plaintiffs fail to state a claim against Ms. Wiggins, primarily because their claims are time-barred.**

In any event, Plaintiffs' actual arguments regarding the alleged timeliness of their claims against Ms. Wiggins are unavailing.

**A.   Plaintiffs misapply the discovery rule.**

First, Plaintiffs claim that they "could not have known that Defendants' diagnosis and report were false" until after they were prosecuted, so their claims are not considered to accrue until then. [Doc. 34 at 4.] But despite asserting distinct claims against Ms. Wiggins (§ 1983 claims and a negligence claim), Plaintiffs never try to explain how the discovery rule might work differently for those claims. This is because the discovery rule *does not* work the way Plaintiffs claim.

For Plaintiffs' § 1983 claims, those claims accrued when Plaintiffs had "a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007). Put differently, the limitations period begins to run "when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Moore v. Chairman, No. 21-13792-F, 2022

3

WL 1308498, at *1 (11th Cir. Mar. 16, 2022) (citing Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)). The only alleged deprivation of rights Plaintiffs allege against Ms. Wiggins is a violation of the right to parent, resulting in the loss of physical custody of their children. [See Doc. 1-1 at ¶¶ 151, 154.] And the only acts Plaintiffs allege by Ms. Wiggins concern her conduct during a forensic interview of Emma Hernandez's sister, Arya, purportedly on June 6, 2023. [See id. at ¶¶ 77-79, 151, 186-87.] But the alleged deprivation accrued, at the latest, on June 8, 2023, when Emma was discharged from CHOA to someone *other than* Plaintiffs (i.e., denying Plaintiffs' physical custody), based on reported suspicions of child abuse. [Doc. 1-1 at ¶¶ 33-36, 42.] And Ms. Wiggins had no further involvement with the Hernandez family after June 6, 2023. Thus, Plaintiffs' alleged lack of knowledge about their claim is implausible on its face, claiming that they somehow did not know of an investigation-triggering allegation of abuse until they were eventually acquitted of criminal charges (rather than, say, while the investigation and alleged deprivation were happening). Accordingly, Plaintiffs' § 1983 claim as to Ms. Wiggins accrued, at the latest, on June 8, 2023, more than two years before this action. Plaintiffs' § 1983 claims are time-barred as to Ms. Wiggins.

Meanwhile, Plaintiffs offer no argument specifically explaining how the discovery rule they assert would apply to their state-law claim for negligence. For similar reasons to those already discussed, Plaintiffs' alleged lack of discovery is

implausible on its face; their discovery of the alleged wrong done to them by these Defendants (and their employees) was immediate. Plaintiffs offer no meaningful argument for how their claims against *Ms. Wiggins* accrued any later than June 8, 2023, and avoids the governing statutes of limitations. In any event, Plaintiffs' "ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." Autumn Trace Homeowners Ass'n, Inc. v. Brooks, 238 Ga. App. 107, 107 (1999). And Georgia's discovery rule is only intended to apply to "cases of bodily injury which develop only over an extended period of time." Id. (claim that association negligently failed to prevent property manager from embezzling funds was time barred, as claim accrued when alleged embezzlement occurred rather than when plaintiffs' discovered it). The discovery rule thus does not apply to Plaintiffs' claims for "emotional, mental, reputational, and monetary" harms from alleged errors in a forensic interview. [Doc. 1-1 at ¶ 190.]

    **2.    Plaintiffs' arguments about the accrual of malicious prosecution claims are irrelevant as to Ms. Wiggins.**

Second, Plaintiffs argue (again, without authority) that "a claim for malicious prosecution does not accrue until the criminal proceedings terminate in the plaintiff's favor." [Doc. 34 at 4-5.] This argument, at most, applies to Count 2 (malicious prosecution), and *maybe* Count 1 (false arrest). [See Doc. 1-1, ¶¶ 127-38.] Yet those counts *solely* allege claims against Adrian Richards, of the Forsyth County Sheriff's

Office. [Id.] Because Plaintiffs do not allege any claim for malicious prosecution against *Ms. Wiggins*, this argument is irrelevant to her motion.

Even to the extent Plaintiffs' argument reaches claims actually asserted against Ms. Wiggins, the basis for their causes of action was apparent well before their prosecution. Facts which would support Plaintiffs' claims against Ms. Wiggins arose, at the latest, by June 8, 2023, when Plaintiffs' children were placed with relative rather than returned to Plaintiffs' home. Plaintiffs did not file suit until two years and 15 days after that date. Plaintiffs did not even file suit until more than two years after Plaintiff Tuckey's arrest. To claim now that they did not know the relevant facts about a false report of child abuse until they were acquitted in June 2025 is nonsensical. Plaintiffs' claims are time-barred.

### 3.   Plaintiffs' "continuing violation" theory is wrong.

Third, Plaintiffs claim that their § 1983 claims survive because they were part of a "continuing violation," with "ongoing harms" until their acquittal in 2025. [Doc. 32 at 5.] To be clear, Plaintiffs only make this argument to defend their "conspiracy and § 1983" claims—i.e., Counts 3 and 5, as relevant to these Defendants. This argument has nothing to say about the timeliness of their state-law claims (Counts 7, 8, and 9), and Plaintiffs cite no law which might make those claims proper based on a continuing-violation theory. Thus, those counts are due to be dismissed.

Of course, Plaintiffs' theory does not make Counts 3 and 5 viable, either. "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (citing Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994)). Here, the alleged acts at issue—alleged errors in a forensic interview—constituted a "one time act with continued consequences," so "the limitations period is not extended." Id. Plaintiffs plead nothing which suggests continued deprivations of rights by Ms. Wiggins after June 8, 2023—more than two years before this action commenced. Put simply, Plaintiffs fail to plausibly allege any continuing violation by Ms. Wiggins.

## II.  Ms. Wiggins's statutory immunity bars all of Plaintiffs' claims.

Even if Plaintiffs had alleged plausible or timely claims, their claims are still barred by statutory immunity.

### A.  Plaintiffs do not dispute that O.C.G.A. § 19-7-5 bars their state law claims against Ms. Wiggins.

At the outset, Plaintiffs' response *solely* challenges Ms. Wiggins's immunity as to their § 1983 claims. [Doc. 32 at 5-6.] In other words, Plaintiffs decline to contest that O.C.GA. § 19-7-5 bars their state-law claims against Ms. Wiggins. This is unsurprising, as the statute's immunity is broad, protecting against "any civil liability" for reports of suspected child abuse made with "reasonable cause" or in

"good faith." See O.C.G.A. § 19-7-5(f), (g); O'Heron v. Blaney, 276 Ga. 871, 873 (2003). Because Plaintiffs' claims against Ms. Wiggins's arise out of her good faith assistance with an investigation of suspected child abuse. Plaintiffs' claims are therefore barred.

### B. Plaintiffs fail to demonstrate that § 1983 preempts or precludes Ms. Wiggins's statutory immunity.

Turning to Plaintiffs' narrow argument, they claim that § 1983 preempts Georgia's immunity statute, preventing O.C.G.A. § 19-7-5's application to their federal-law claims. [Doc. 32 at 5-6.] Plaintiffs' argument presumes, however, that applying this statutory immunity conflicts with Congress's intent to impose liability through § 1983. See Felder v. Casey, 487 U.S. 131, 139, 141-42 (1988) (holding that state notice-of-claim statute was preempted by § 1983 because it is "inconsistent with the purposes of the federal statute" and "discriminates against the federal right"). Statutory immunity for good faith reporting of child abuse, however, expressly does *not* conflict with Congress's intent.

Ms. Wiggins's claim of statutory immunity does not conflict with § 1983 because Congress has *itself* provided such immunity against federal claims:

> Notwithstanding any other provision of law, any individual making a good faith report to appropriate authorities of a suspected or known instance of child abuse or neglect, or who otherwise, in good faith, provides information or assistance, including medical evaluations or consultations, in connection with a report, investigation, or legal intervention pursuant to a good faith report of child abuse or neglect shall not be subject to civil liability or criminal prosecution, under any

8

>Federal law, rising from making such report or providing such information or assistance.

34 U.S.C. § 20342(1). Plaintiffs seek to hold Ms. Wiggins liable for her actions providing assistance in connection with an investigation pursuant to a good faith report of child abuse. [See Doc. 1-1 at ¶¶ 57-59, 67, 141, 145-48, 160, 169-71, 174, 182-83.] Under 34 U.S.C. § 20342, Ms. Wiggins cannot be held civilly liable under "*any* Federal law" for such conduct, barring Plaintiffs' claim.

Georgia's statute is fundamentally similar to the federal immunity statute, indicating that Georgia's immunity tracks what Congress expressly permits. Defendants are thus entitled to statutory immunity on that basis. Moreover, Georgia's immunity tracks *other* federal statutes which demonstrate Congress's intent to curtail liability for those reporting suspected child abuse in good faith. For example, as a precondition for certain child abuse prevention grants, Congress requires states to adopt statutes like O.C.G.A. § 19-7-5, providing "immunity from civil or criminal liability under State and local laws and regulations for individuals making good faith reports of suspected or known instances of child abuse" or assisting investigations pursuant to a good faith report of child abuse. 42 U.S.C. § 5106a(b)(2)(B)(vii). This embrace of broad immunity for good faith reporting suggests that Congress intends to allow such immunity even against § 1983 claims. See Brown v. Newberger, 291 F.3d 89, 94 & n.1 (1st Cir. 2002) (noting § 5106a and cases suggesting that it implies allowance of immunity from § 1983 liability for

9

reports of child abuse).[1] Georgia's statute lines up with what Congress requires in § 5106a, providing immunity for reporting or assisting the investigation of child abuse as long as that report or assistance is "made in good faith." O.C.G.A. § 19-7-5(f).

The statutory immunity to be applied here thus tracks the immunity Congress has both enacted as to federal laws and mandated that states enact if they want federal funding. Ms. Wiggins thus does not ask the Court to "override" federal law, as Plaintiffs claim. [Doc. 33 at 6.] She asks the Court to recognize it. And that necessary recognition bars *all* of Plaintiffs' claims here.

### C. Plaintiffs cannot overcome Ms. Wiggins's statutory immunity.

With that put aside, Plaintiffs decline to offer any other argument which might avoid Ms. Wiggins's statutory immunity. Their Complaint fails to plausibly allege any facts contesting that Ms. Wiggins participated in an investigation based on reasonable cause or in good faith. At most, Plaintiffs apply conclusory labels and allegations about Ms. Wiggins's intent without factual enhancement, efforts which do not suffice to plausibly plead a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678,

---

[1] The exception to this intent may be where a state's statutory immunity *exceeds* the scope of the immunity Congress envisions. In Acre v. Children's Hospital Los Angeles, for example, the California Court of Appeal explained that § 5106a suggests that § 1983 defendants could "utilize state laws that provide immunity for good faith reports of suspected child abuse." See 150 Cal. Rptr. 3d 735, 762 (Cal. Ct. App. 2012) (citing Thomas v. Chadwick, 274 Cal. Rptr. 128, 136-38 (Cal. Ct. App. 1990)). But the court held that California's immunity was inconsistent with that allowance because it provided *absolute* immunity for reports of suspected abuse, thus granting a broader immunity than Congress had embraced in § 5106a. For reasons explained in this reply, Georgia's statutory immunity does not have that problem, as it provides immunity for good faith reporting, rather than absolute immunity for all reporting.

682-83 (2009) (holding that complaint had failed to plausibly allege discriminatory intent). And Plaintiffs' response declines to even try and say what allegations might plausibly demonstrate bad faith by Ms. Wiggins, effectively conceding the complaint's insufficiency. Plaintiffs have failed to state a claim which might overcome Ms. Wiggins's immunity.

Recent authority from Florida regarding that state's similar immunity statute (Fla. Stat. § 39.203), confirms that Ms. Wiggins is entitled to immunity here. See generally Johns Hopkins All Children's Hospital, Inc. v. Kowalski, No. 2D2024-0382, 2025 WL 3019111 (Fla. Dist. Ct. App. Oct. 29, 2025). Like Georgia's statute, the Florida law provides immunity against "any civil or criminal liability" which might result from "participating in good faith" in proceedings related to suspected child abuse or "reporting in good faith any instance of child abuse." Fla. Stat. §39.203(1)(a).[2] In Kowalski, the Florida District Court of Appeals overturned a $261 million jury verdict against a hospital based on claims similar to Plaintiffs' claims here. The trial court had repeatedly erred by allowing the jury to hear upsetting evidence of conduct immunized by statute, based on the trial court's too-narrow reading of that immunity. See 2025 WL 3019111, at *10.

---

[2] Confirming the statutes' similarity, Florida courts have looked to *Georgia* authority (the Georgia Supreme Court's decision in O'Heron, specifically) to interpret this immunity. See Urquhart v. Helmich, 947 So.2d 539, 542 (Fla. Dist. Ct. App. 2006) (citing O'Heron and calling Georgia statute "nearly identical").

11

More specifically, the trial court erred by limiting statutory immunity to "claims premised on or immediately resulting from" the hospital's reporting of suspected child abuse. Id. at *7-8. This reading failed to "consider[ ] the entirety" of the statute, which also immunized the defendants' good faith *participation* in an investigation after a report was made. Id. at *8-10. In doing so, the trial court had allowed evidence of defendants' participation in acts required by Florida' mandatory reporting statute to serve as a basis for liability and "permeate[ ] the entire trial." Id. at *10. That required reversal, as "nothing in the record suggest[ed] that [the hospital's required] participation . . . was not done in good faith." Id. at *8. The court then walked through several of the plaintiffs' claims, explaining that those claims failed in part due to statutory immunity, as there was no evidence that the defendants participated in the child abuse investigation in bad faith. Id. at *11-12, 14.

Here, Plaintiffs' Complaint contains no plausible allegations that Ms. Wiggins acted in bad faith when assisting an investigation of suspected child abuse. All of the conduct at issue here therefore falls within O.C.G.A. § 19-7-5's ambit. *See* O.C.G.A. § 19-7-5(f) (providing immunity for "the making of a report," "causing a report to be made," and "participating in any judicial proceeding or any other proceeding resulting" from a report).[3] And in the absence of any allegations

---

[3] Federal statutory immunity under 34 U.S.C. § 20342 similarly applies to both the reporting itself and assistance in investigations or interventions pursuant to such a report. *See* 34 U.S.C. § 20342(1).

12

plausibly demonstrating bad faith, Plaintiffs have failed to state a claim which could survive Ms. Wiggins's statutory immunity. Plaintiffs' claims are barred.

## CONCLUSION

The Court should dismiss Plaintiffs' claims against Ms. Wiggins, either because Plaintiffs fail to plausibly plead those claims, the claims are time-barred, or the claims are barred by statutory immunity. Plaintiffs' response offers no authority or proper argument to rebut that conclusion. For the foregoing reasons and those in Ms. Wiggins's original motion and memorandum, this court should dismiss all of Plaintiff's claims against her.

This 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

/s/ Taylor Tribble
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
SANDY BAILEY
GEORGIA BAR NO. 142591
ALEXANDER C. VEY
GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022

*Counsel for Defendants STEPHANIE V. BLANK CENTER FOR SAFE AND*

13

Fax: (404) 892-4033 *HEALTHY CHILDREN, INC. AND CHILDREN'S HEALTHCARE OF ATLANTA, INC.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

This 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

  */s/ Taylor Tribble*
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444
ALEXANDER C. VEY
GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, GA 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033

*Counsel for Defendants STEPHANIE V. BLANK CENTER FOR SAFE AND HEALTHY CHILDREN, INC. AND CHILDREN'S HEALTHCARE OF ATLANTA, INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HERNANDEZ and WILAIRAT "TUCKEY" HERNANDEZ,  Plaintiffs, v. ADRIAN RICHARDS, Individually and in her Official Capacities as Georgia Dept. of Human Services and Director of the Georgia Dept. of Family and Children Services, et al.,  Defendants. | CIVIL ACTION FILE  NO. 1:25-cv-04763-ELR  JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing via e-file and serve to the following counsel of record:

Jordan Johnson, Esq.
Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA 30338
Alex@Justice.Law.com

Terry E. Williams, Esq.
Justin R. Techo, Esq.
Williams & Waymire, LLC
Bldg. 400, Suite A 4330 South Lee Street
Buford, GA 30518

16

terry@wmwlaw.com
justin@wmwlaw.com

Robert P. Monyak, Esq.
Peters & Monyak, LLP
2970 Clairmont Rd NE, Ste. 700
Atlanta, Georgia 30329
rmonyak@petersmonyak.com

Wade W. Herring, III, Esq.
Assistant Attorney General
Georgia Department of Law
40 Capital Square, SW
Atlanta, Georgia 30334
wherring@law.ga.gov

Timothy J. Buckley III, Esq.
Eric J. O'Brien, Esq.
Buckley Christopher & Hensel, P.C.
2970 Clairmont Road, NE, Suite 650
Atlanta, GA 30329
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

The 1st day of December, 2025.

**HUFF, POWELL & BAILEY, LLC**

*/s/ Taylor Tribble*
R. PAGE POWELL, JR.
GEORGIA BAR NO. 586696
JULYE JOHNS BAILEY
GEORGIA BAR NO. 394856
TAYLOR TRIBBLE
GEORGIA BAR NO. 904116
P. KYLE PERRY
GEORGIA BAR NO. 839444

17

                                              ALEXANDER C. VEY
                                              GEORGIA BAR NO. 307899

HUFF, POWELL & BAILEY, LLC    *Counsel for Defendants STEPHANIE*
999 Peachtree Street, Suite 950      *V. BLANK CENTER FOR SAFE AND*
Atlanta, GA 30309                           *HEALTHY CHILDREN, INC. AND*
Telephone: (404) 892-4022              *CHILDREN'S HEALTHCARE OF*
Fax: (404) 892-4033                        *ATLANTA, INC.*